JUDGE PRYOR
delivered the opinion of the court.
By an act of the legislature passed in the year 1872 a number of persons owning lands in Henderson County, lying between the Ohio and Green rivers, were incorporated under the style of the Scuffletown Fence Company, with the power to erect a fence from river to river on a designated line, so as to include the whole of their lands from this fence to the confluence of the two rivers in one common field or inclosure. The company was empowered to levy a specific tax upon the owners of these lands in proportion to the number of acres owned by each within the boundary, for the purpose of accomplishing the object of the association.
The appellee, McAllister, owning land within the inclosure, resisted the passage of the law, and also refused to pay the assessments upon his property or submit to the rules and regulations of the company. The constitutionality of the act in question is the principal subject of controversy.
It is manifest from the testimony in the case that the appellee was not instrumental in procuring the act of incorporation, nor is there any thing in the record indicating his approval of it after its passage. The weight of the testimony conduces to show his hostility to the measure from its inception to the institution of the action.
The case of The Cypress Pond Draining Company v. *315 Hooper (2 Metcalfe), relied on by counsel for the appellant, can not be regarded as sustaining the constitutionality of the act in question. In that case the act was held invalid as to those who gave no assent to its provisions; and although the power of the legislature to impose local taxation for the accomplishment of local purposes is there recognized, the use to which the citizen’s property is to be applied, whether to the general or local public, must be something else than the mere advancement of private interests in the way of curtailing expenditures or removing the inconveniences attending the pursuits or business in which the members of the corporation may be engaged. The fact that the citizen who is taxed is one of the local public to be benefited by the act of incorporation is not of itself sufficient to impose upon him the burden.
In the present case it is shown that- the many thousand acres of land lying between the Ohio and Green rivers is owned by numerous parties, and the most of it in cultivation by themselves or tenants. The high water at various seasons of the year washes much of the fencing from that portion of the land bordering on each river, and by running one fence a distance of six or eight miles from river to river the whole boundary of land, containing fifteen thousand acres, is completely fenced in and made one common field, the two rivers with the fence being a complete protection to the crops from the depredations of stock. By making this large body of land a common field or pasture, an annual outlay of several hundred dollars in erecting fences, etc., is saved to the owners. The act of incorporation is based upon the necessity for such an inclosure, and the exercise of the power given the corporators of imposing a tax upon the land-owner, to build this common fence, etc.
The appellee, who has resisted successfully the collection of the tax in the court below, is the owner of a large tract of land within this inclosure,' and is objecting to an exercise of legislative power that deprives him of the legitimate use *316 of his own property, or that requires him to use it in common with the property of others. His own fencing has been erected at his own expense, and if permitted by the corporators to separate his own fields or land from the main body it must necessarily be at his own expense, with the additional burden of contributing his part of the tax necessary to accomplish and maintain the object of the association.
By section 3 of the act, the corporators have the right “to pass any rules and regulations and to impose such fines and penalties as they may deem proper to insure the success of the object of the act.” Under this exercise of power the appellee could be prevented from even building his own fencing, or be subjected to such fines and penalties as the corporation might impose.
The imposition of taxes for such an object, and the investing of such power in any corporation as is embraced in section 3 of the act of incorporation, can not be sanctioned by this court, and is in violation of the fundamental law of the state. The property of the appellee is taken and applied to private use without his consent, upon the idea entertained by the lawmaking power and the corporators that he is deriving a benefit in common with others who are willing to share these benefits and burdens with him.
It is shown that this large tract of land has been cultivated and improved by individual enterprise for more than half a century, and at the time of the passage of the act in question was worth (much of it, at least) from $30 to $50 an acre. The appellee believes that it will advance his interests to inclose his own land, and when not trespassing upon the rights of others the privilege can not be denied him, nor can he be required to surrender his property for the common use of others. Private property can only be taken for public use, and then upon compensation being made the owner. Such use may be demanded by the necessities of the local public. The drain *317 ing of marshes and ponds for the promotion of the public health, the improvement of streets and public highways, are held to be within the legitimate exercise of the taxing power; but to improve a particular tract of land in order to increase its value, or to lessen the expenditures necessary to keep the improvements in repair, or to enhance the conveniences of the land-owners in its cultivation, can not be regarded as a public undertaking; and to impose taxation for such an object, against the consent of the citizen, is prohibited by the constitution.
To sanction such legislation would be to determine that a majority of those owning lands in any one neighborhood in the state or county might (deeming it for the interest of all) by an act of incorporation require that all the territory within the neighborhood should be inclosed by one fence as a common boundary and used in common by all having an interest in it.
In the case of Pearce v. Patton (7 B. Monroe) it is said: “ That section of the constitution of Kentucky which provides, ‘Nor shall any man’s property be taken or applied to public use, without compensation being previously made to him/ has been construed by this court, and properly, to inhibit the invasion of, or the taking of private property, for any purpose, or under any pretext whatever, except for public use, and for that only, upon offering previous compensation to the owner. This provision of the constitution affords a shield to private right, and should be so construed against any enactment of the legislature, direct or indirect.”
The commonwealth having no power to intervene between the respective owners of these lands in order to determine the interests of each or all in the prosecution of their agricultural pursuits, the court below acted properly in dismissing appellant’s petition and in refusing to compel the appellee to pay the various assessments upon his property. (Anderson v. Kearns Draining Company, 14 Indiana; 20 Michigan, 432.)
The judgment is therefore affirmed.