CASE 63—PETITION EQUITY—SEPTEMBER 20.

# Hancock Stock and Fence Law Co. v. Adams.

### APPEAL FROM HANCOCK CIRCUIT COURT.

CONSTITUTIONAL LAW—TAKING OF PRIVATE PROPERTY FOR PRIVATE USE.—The Legislature has no power to take the property of one citizen to advance the private interests of another. Private property may be taken by way of taxation to improve a public highway, or for a purpose promoting the public health; but not to improve a particular tract of land, thus merely promoting the private interest of the owner or owners.

By an act of the Legislature certain persons, therein named, were appointed trustees to erect and keep in repair a fence around a large boundary of land, the owners of which resorted to the plan of inclosing their lands for crop purposes by one common fence, their fences having been swept away by a recent flood. The trustees were authorized to levy and collect a tax from the property-owners within the boundary, and penalties were provided for injuries to the fencing. By an amended act the appellant was created a corporation, and the boundary extended so as to include a part of the land of appellee, without whose knowledge or consent the act was procured. In this action by appellant to enjoin appellee from interfering with the fence on his land, *Held*—That the act of the Legislature, as to appellee, is unconstitutional, he having never in any way consented to or ratified it.

C. ADAIR AND MILLER & MORRISON FOR APPELLANT

1. The acts of the Legislature relied upon by appellant are not unconstitutional. This case is unlike the cases relied on by appellee. The appellee is not called on to pay any thing; and that part of his land which has been inclosed by appellant was a mere river bank, and constituted no part of his farm. It had never been inclosed or used by him.
2. The evidence shows that appellee consented to, or acquiesced in, the building of the fence, and, therefore, he had no right to destroy it.

D. R. MURRAY OF COUNSEL ON SAME SIDE.

W. S. ROBERTS FOR APPELLEE.

1. The appellee consented to the building of the fence by appellant only

vol. 87—27

Hancock Stock and Fence Law Co. v. Adams.

upon condition that it be removed upon notice, and as appellant re-
fused to remove the fence upon notice, appellee had the right to
remove it.

2. The act of the Legislature relied on by appellant is unconstitutional.
(The Cypress Pond Draining Co. v. Hooper, 2 Met., 354; Scuffletown
Fence Co. v. McAllister, 12 Bush, 314.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

By an act of the Legislature approved March 6, 1884,
certain persons therein named were appointed trustees
to erect and keep in repair a fence around a large
boundary of land therein described, lying upon the
Ohio river in Hancock county. The reason for the
passage of the law was, that a then recent flood in the
river had swept away the fencing, and the owners had
neither the material nor the time to restore it for the
crop season then at hand. They therefore resorted
to the plan of inclosing their lands, for crop purposes,
in one common boundary, by one fence. In order to
build and maintain it the trustees were authorized to
levy and have collected both a head and property tax
from the property-owners within the boundary. Pen-
alties were also provided by the law for injuries to the
fencing, and for allowing cattle to run at large with-
in it. No part of the land of the appellee, Robert C.
Adams, was embraced by the act.

In the spring of 1885 a portion of the fence was
washed away, and the weight of the testimony shows
that the appellee, as an accommodation merely, agreed
with the trustee, who was in charge of the fence in
that locality, that it might be rebuilt, so that it would
inclose a few acres of the appellee's land; but the
fence, so far as it might be upon his land or inclosing
it, was to be removed upon notice from the appellee;

or upon failure of the trustees to remove it after being notified by the appellee to do so, he was to have the right to do so, and also keep the fencing.

There was no consideration moving to the appellee for this grant of privilege. It was done as a favor to his neighbors. The portion of his land thus inclosed was the river front to his farm. It took the land along it lying between the top of the river bank and the water, thereby preventing him from watering his stock there, or otherwise using that portion of his farm.

The bank of the river was subject to the right in the public of riparian privilege; but it was the appellee's land, and subject to this right he was the owner and entitled to the use of it.

In the fall of 1885, finding that this inclosure of his land was putting him to great trouble and expense, he gave the required notice for its removal; and it not having been removed, he in January, 1886, took it down, and stacked it up on his farm, consenting, however, as he has upon record in this suit, that the trustees may have it.

January 29, 1886, some of the parties interested obtained an amended act of the Legislature incorporating "The Hancock Fence and Stock Law Company" *eo nomine*, and extending the boundary so as to embrace the land of the appellee that had been inclosed in the manner above stated. He had no notice or knowledge in any way that such legislative action would be asked, and never in any way consented to or ratified it. Indeed, there is testimony tending to show that he was kept in ignorance of it purposely by those who were asking it, and who would be benefited by it.

After obtaining it this action was brought by the company on April 19, 1886, against the appellee to recover damages for the removal of the fence, and to enjoin him from thereafter interfering with it.

The testimony shows that the fence, instead of being a benefit, is an injury to the appellee.

The corporation is a private one and for private uses. It can not properly be said that it subserves any public purpose. For this reason, doubtless, no right of condemnation of property was attempted to be given to the company by the Legislature. Such a legislative act can only affect the rights of those consenting to it.

It is true, a local burden may be imposed by the Legislature; but it must be for a local public use; and while not indispensable to its constitutional validity, yet there is an eminent fitness in such a case, unless it be one of absolute necessity, or which admits of no delay, in providing that, before it shall become imperative, the legislative judgment as to its propriety shall be indorsed by the local community that is to bear it. Thus local taxation for a local purpose of a public character may be imposed at the will of the Legislature, and without the consent of any one to be affected by it.

Private property, however, can not be taken, even for public use, without just compensation. Nor can it be taken for a private use under the guise of taxation. The private property of the citizen is assured to him by constitutional shield, and he can only be deprived of it for governmental or public use, and then only upon just compensation being made to him. This guard to private right is as old as *magna charta*.

His property can not be subjected to a local burden for the private benefit of other individuals, and in which he has no interest. This would be spoliation, and is beyond the constitutional boundary of legislative action. It has no power to take the property of one citizen to advance the private interests of another.

It may be taken by way of taxation to improve a public highway, or for a purpose promoting the public health; but not to improve a particular tract of land, thus merely promoting the private interest of the owner or owners. This is but taking from one citizen and giving to another.

True, in the case now before us, it is not proposed to exact a tax, as was the case in the Cypress Pond Draining Company v. Hooper, &c., 2 Met., 350, and the Scuffletown Fence Co. v. McAllister, 12 Bush, 312; but it is an attempt to deprive the appellee of a vested right; to take from him the right to use his land as he pleases, for the private benefit of other individuals; and we have no hesitation in holding that the act of the Legislature as to him is inoperative and void.

Judgment affirmed.