# Trustees Slaughterville Graded School District v. Brooks, et al.

(Decided February 26, 1915.)

## Appeal from Webster Circuit Court.

1. Schools and School Districts—Territorial Limits of Districts.—It is wholly within the power of. the General Assembly to fix the territorial limits of common school and graded school districts, and this power may be delegated to subordinate governmental agencies.

2. Schools and School Districts—Boundaries.—Two adjacent sections of two counties may constitute either a common school or graded school district.

3. Schools and School Districts—Annexation of Territory.—It is not taking property without due process of law for the trustees of a graded school district wholly in one county to annex thereto adjacent territory in another county, by and with the written consent of a majority of the legal voters in the territory to be added as is authorized by Section 4464b, Kentucky Statutes, even though it results in an increase of taxation to the residents of the annexed territory.

4. Constitutional Law—Due Process of Law.—Due process of law, as applied to questions of taxation for public purposes, is different in its application when merely the rights of individuals are involved; when property is appropriated by the government to public uses or the Legislature interferes to give direction to its title through remedial statutes, different considerations from those which merely regard controversies between man and man must prevail.

5. Schools and School Districts—Annexation of Territory.—Section 4464a, Kentucky Statutes, is repealed in so far as it conflicts with Section 4464b; it was the purpose of that Section to dispense with the cumbersome methods prescribed by Sections 4464 and 4464a for the annexation of additional territory for graded school districts, and furnish in lieu thereof a simpler and more direct method.

6. Schools and School Districts—Boards—Quorum.—Where there is no statutory provision prohibiting less than the whole membership of a school board from taking action, a quorum thereof may take any action that the whole board might take.

7. Schools and School Districts—Boards—Records.—Technical particularity in the keeping of their official records is not required of subsidiary boards; the fact that the records of its meetings were merely fastened in the record book by clips and pins does not invalidate the proceedings.

GORDON, GORDON & COX for appellant.

WM. H. YOST and HUNT & BENNETT for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Prior to 1912 there had been established and was then in existence the Slaughterville Graded School District in Webster County. During that year, upon the petition of a majority of the legal voters in the adjacent territory, wholly in Hopkins County, but adjacent to the Slaughterville Graded School District, the trustees of that district, by an order on its books, annexed to the Slaughterville Graded School District certain territory in Hopkins County comprising a part of four Common School Districts therein.

In June, 1914, after due notice, there was held in the Slaughterville Graded School District, including the annexed territory in Hopkins County, an election to take the sense of the voters of the Graded School District as to whether there should be issued by the trustees thereof $4,500 in bonds, the proceeds to be used in providing suitable grounds, school buildings, furniture and apparatus for said graded school district under the authority of Section 4481 of the Kentucky Statutes.

The required number of votes having been received the proposition was declared to have been carried, and the trustees were preparing to issue the bonds.

This is an action by a number of taxpayers, part of them living in the limits of the original district and part of them in that part of the district annexed from Hopkins County, wherein it is sought to enjoin the proposed bond issue upon four grounds, viz.: (1) Because Section 4464b of the Kentucky Statutes is unconstitutional in that it authorizes the taxation of property in the annexed territory without notice or opportunity to protest by the residents thereof, and would therefore be taking their property without due process of law. (2) Because the procedure provided by the statute for the annexation of property in an adjacent county was not followed by reason of the failure to notify the county judge, school superintendent or any of the authorities of Hopkins County of the proposed annexation. (3) Because at the time the election was called there were only four members of the Board of the Graded School District when the statute requires five members thereof; and as there was a vacancy in the board it thereby lost its entity and could take no binding action until the vacancy was filled. (4) That there was no such record of the proceedings of the board as is required by law, it being alleged that the proceed-

ings were first written out on detached paper and then merely fastened in the record book by pins and clips and that it is therefore not such a record as is contemplated by Section 4473 of the Kentucky Statutes.

The Circuit Court overruled the demurrer to the petition and intervening pleadings of the taxpayers and enjoined the school trustees from issuing or selling any of the bonds so authorized.

Section 4464b of the Kentucky Statutes is an Act of March, 1906, and the first sub-section thereof is as follows:

"Any graded common school district organized and existing under any special act of the Legislature, and any such district that has been or may be hereafter organized under the general laws of this State, may, by and with the written consent of a majority of the legal voters in the territory to be added, extend the limits of such district so as to include such additional territory as the Board of Education, or trustees, of such district may desire to take within the limits and add to such district."

It is under the authority of this Act that the trustees assumed to annex to the Slaughterville Graded School District in Webster County the adjacent territory in Hopkins County, and it is this action of the Board of Trustees, under that Act, which the taxpayers assert deprives them of their property without due process of law under the provisions of the Fourteenth Amendment to the Federal Constitution. The determination of this question involves: (1) Whether the Legislature has the power to designate what territory shall constitute school districts, and change the same when it may see fit; and (2) whether it may delegate such authority to subordinate governmental agencies.

It has been held in this State that it is entirely within the discretion of the General Assembly to designate the size of common school districts. Crook v. Bartlett, 155 Ky., 305. That was a case which involved the right of women to participate in the election of county school superintendent. Section 155 of the Kentucky Constitution provides that other provisions of the Constitution, fixing qualifications of voters, "shall not apply to the election of school trustees and other common school district elections." It was argued in that case that the word "District" as used in Section 155 referred only to a part of a county, and that as the county school super-

intendent was elected by the voters of the whole county it was not within the power of the General Assembly to make the entire county a school district and thereby authorize women to vote for such official; but the court in answer to that contention, said:

"A common school district has no permanently fixed boundary. It may embrace the whole of a county, or indeed several counties, or a small portion of a county. The size of common school districts is left entirely in the discretion of the General Assembly."

It would seem necessarily to follow that, if the General Assembly may constitute a whole county a common school district, it might surely make two adjacent sections of two counties into either a common school or a graded school district.

Nor can it be doubted that the General Assembly may delegate this power in school matters to subordinate school authorities. Cyc., Vol. 35, 834, distinctly recognizes this right in the following language:

"The power to establish new school districts, or to alter existing ones, may be delegated by the Legislature to subordinate agencies or officers, and in most jurisdictions this has been done. When the power to exercise the authority is made to depend upon the performance of certain conditions, such as the signing of a petition by a certain number of voters or the like, the agent or officer cannot act until such conditions have been complied with, and cannot refuse to act when they have been."

Nor is it the taking of property without due process of law for either the Legislature or a subordinate governing authority, when properly authorized, to annex to a common school or graded school district adjacent territory, even though the annexation may result in a higher rate of taxation to the residents of the annexed territory. Due process of law, as applied to questions of taxation for public purposes, is vastly different in its application when merely the rights of individuals are involved. The distinction is clearly pointed out and recognized in Cooley on Constitutional Limitations (Edition 1890) 434, wherein it is said:

"When the government, through its established agencies, interferes with the title to one's property, or with his independent enjoyment of it, and its action is called in question as not in accordance with the law of the land,

we are to test its validity by those principles of civil liberty and constitutional protection which have become established in our system of laws, and not generally by rules that pertain to forms of procedure merely. In judicial proceedings the law of the land requires a hearing before condemnation, and judgment before dispossession; but when property is appropriated by the government to public uses, or the Legislature interferes to give direction to its title through remedial statutes, different considerations from those which regard the controversies between man and man must prevail, different proceedings are required, and we have only to see whether the interference can be justified by the established rules applicable to the special case. Due process of law in each particular case means, such an exertion of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs.''

It was within the power of the Legislature to authorize the annexation of the adjacent territory by the local school authorities, and they have done so in the manner prescribed by the statute. We cannot see that they have been or may be deprived of their property without due process of law because they may have to pay higher taxes for additional and better school facilities.

This court is not concerned with and will not inquire into the wisdom of the Legislative Act; and the fact that it has authorized the school authorities in one county to annex to its school district territory in another county will not justify the court in declaring such action invalid when the legislative authority existed and has been properly exercised.

It is also argued by counsel that there was no legislative authority by which graded school districts might be formed out of adjacent parts of two different counties prior to the Act of March, 1904, which is Section 4464a of the Kentucky Statutes; and that, as the manner of procedure prescribed therein required notice to the County Judge of Hopkins County, and the consent of the School Superintendent thereof, which notice or consent was not given, the annexation was not authorized and was void.

But it was expressly held by this court in the case of Hopkins County v. Givens, 147 Ky., 837, that Section

4464b repealed so much of Section 4464 as was in conflict thereof; and if it repeals the conflicting provisions of 4464 it necessarily repealed the conflicting provisions of 4464a. The court in that case said:

"But the method provided in this section for the extension of graded school districts was changed by a subsequent act, now Section 4464b of the Kentucky Statutes, which provides in substance that the trustees of graded common school districts may extend the limits of the district by the written consent of a majority of the legal voters of the territory to be added. This new act provides a distinctly different method by which the boundary of graded school districts may be extended from that pointed out in Section 4464, and we think it must be treated as repealing Section 4464 to the extent that there is conflict between the two acts."

Plainly it was the purpose of Section 4464b to dispense with the cumbersome methods prescribed by Sections 4464 and 4464a for the annexation of additional territory to graded school districts; instead of providing for an election in the new district after the same had been agreed upon by the officials and the petitioners, it merely provided that the school authorities might annex the additional territory by and with the written consent of a majority of the legal voters in the territory to be added. If the board possessed the authority to annex the new territory when it had the written consent of a majority of legal voters thereof, there could have been no necessity for any notice to any of the authorities of the county from which the annexed territory was taken. Clearly Section 4464b of the Kentucky Statutes dispensed with the necessity of such procedure.

The statute provides that the Board of Trustees of Graded Common School Districts shall consist of five members (Section 4469a), and it is argued by appellees that as at the time the election was held for the purpose of authorizing the bond issue there was a vacancy in the board and there were only four members thereof, the Board had lost its entity, and the four members had no power or authority to take any action except to fill the vacancy. The record shows that the four members unanimously joined in all of the proceedings leading up to the election. It is not claimed that there is any statutory provision preventing a quorum of the Board from acting, and in the absence of such a provision a quorum may

take any action that the whole Board might take. Barry v. Town of New Haven, 162 Ky., 60.

Section 4473 of the Kentucky Statutes requires trustees of graded schools to keep a journal of their proceedings which shall at all times be open to public inspection. It is alleged in the petition that the record which was kept by the Board of Trustees of the Slaughterville Graded Schools was merely fastened in the record book by clips or pins, and that this is not such a stable and substantial record as is contemplated by the Statute.

We see nothing substantial in this objection; technical particularity is not required in keeping the records of such subsidiary boards.

Being of opinion that Section 4464b is constitutional, and that its provisions have been substantially complied with, as shown by the pleadings, the judgment of the lower court is reversed, with directions to sustain the demurrer.