## Board of Trustees of Demossville Graded Common School District v. Board of Education of Kenton County.

(Decided January 24, 1922.)

### Appeal from Kenton Circuit Court.

1. Injunction—Grounds of Relief.—Injunctive relief cannot be obtained unless the person, against whom it is sought, is doing or threatening to do something injurious to the applicant.

2. Mandamus—Governmental Board.—A writ of mandamus will not lie against the members of a governmental board, unless it is refusing to perform a duty enjoined upon it by law, and the applicant must have a right to have such duty performed.

3. Schools and School Districts—Boundaries—Legislative Function.—
   The establishment of thei boundaries of school districts is a leg-
   islative function, which the legislature may exercise, or it may
   delegate the authority to a board or officer to exercise the power.
4. Schools and School Districts—Boundaries—Enlargement.—When
   the trustees of a graded common school district, or the board of
   education, is delegated the authority to enlarge a district with the
   consent of the legal voters, in the territory to be added, the trus-
   tees of the district do not exercise the power, by merely consent-
   ing that some other tribunal, which has no authority, may do so.

NORTHCUTT & NORTHCUTT for appellant.

EDWARD J. TRACY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Af-
firming.

On May 4, 1914, George R. Oetzel, Benjamin Daniel
and William Bryan, who were legal voters and property
owners of the common school district, known as Butler,
in Kenton county, sought by a proceeding to have the
territory embraced by their farms, upon which they re-
sided, annexed to and made a part of the Demossville
graded common school district, which is situated in Pen-
dleton county. The territory attempted to be annexed
lies adjacent to the above named graded common school
district, the boundary of which, upon that side, is the line
which separates Pendleton and Kenton counties. In
March, 1921, the appellant, Board of Trustees of Demoss-
ville Graded Common School District, by this action
sought a writ of mandamus against the appellee, Board
of Education of Kenton County, to compel it to enter
upon its records an order as of May 4, 1914, defining the
limits of the Butler common school district, leaving out
of the description the territory which was attempted to
be incorporated into the Demossville graded common
school district, and, also, to prohibit the appellee from
assessing the property and persons within the alleged
annexed territory for taxation for school purposes within
Kenton county, and from collecting such taxes, as well
as from enumerating the children within the school age
within such territory. G. R. Oetzel, Herbert Schroder and
C. H. Williams who aver that they are residents of and
taxpayers within the alleged annexed territory, became
plaintiffs in the action, and sought the same relief as
that prayed by the Demossville graded common school
district. A general demurrer was sustained to the peti-

tions as amended, and the petitions dismissed. From the judgment the Demossville graded common school district, alone, has appealed.

The greater part of the relief sought is purely injunctive and cannot be granted for the reason that the appellee, board of education, does not assess the property within its county for taxation, and neither levies nor collects taxes for the purposes of the schools. An injunction will not lie against one unless he is doing or threatening an act which will be injurious to the one seeking the injunctive relief. Section 8 of chapter 36, Session Acts of 1920, makes it the duty of the tax commissioner to assess the property within the county subject to taxation for school purposes, and for that purpose, and the duty of levying the tax is imposed upon the fiscal court, which is authorized to levy such taxes upon the property and polls of the county, exclusive of the property and polls within the territory of graded common school districts, and upon the sheriff is imposed the duty of collecting the taxes levied by the fiscal court. The board of education of the county submits a budget to the fiscal court stating the sums necessary to be raised by local taxation, and has nothing to do with the assessing, levying or collecting the taxes. Section 8, chapter 36, *supra*. The enumeration of the children in the county within the school age is a duty required of the subdistrict trustees under the supervision of the county superintendent. Section 14, chapter 36, Session Acts 1920. An officer, or the members of a board created for governmental purposes may be required by writ of mandamus to perform a duty which is enjoined upon him or them by law, but such a writ cannot be invoked unless there is a legal duty which the officer or board is neglecting or refusing to perform. Lowe v. Phelps, 14 Bush 642; Louisville Home Telephone Co. v. Louisville, 130 Ky. 611. It is, also, necessary to relief, by a writ of mandamus, that the person desiring it must have a right to have it performed, and the same rule applies to injunctive relief. The statute regulating the procedure necessary and required, when an addition was made to a graded common school district which is situated in one county, by the addition to it of territory in an adjoining county, at the time the alleged annexation, in the instant case, was made or attempted to be made, did not make it the duty of the board of education in the latter county to make any order in reference

to it. In fact the half-baked legislation which regulated such proceedings at that time did not require any notice of such proposed annexation to be given to any of the authorities of Kenton county, or imposed any duty upon them after annexation was consummated, and the duty of refraining from taxing the property and persons within the annexation, for county school purposes and the enumeration of the children has to be implied. Trustees of Slaughterville. Graded School v. Brooks, 163 Ky. 200. The annexation in the instant case was not attempted under the provisions of section 4464, Kentucky Statutes, as now constituted, as averred in the petition and insisted by the appellant, because that section as now providing did not become a law until after May 4, 1914, when it is alleged that the annexation was attempted. That section, as now constituted, was enacted at the legislative session of 1914, and was enacted without an emergency clause, and for such reason did not go into effect until ninety days after the adjournment of that legislative session, and the adjournment of it occurred on the 17th day of March, 1914, and hence the act could not have been in effect on May 4, 1914. It seems from the procedure that the annexation was attempted under section 4464, Kentucky Statutes of 1909, and such section did not have application when an increase in the limits of a graded school district which was already established, was attempted. That section contained the provisions as amended by an act of May 26, 1897, but the manner of adding territory to a graded common school district, already established, was changed from the manner prescribed by section 4464 as amended by act of May 26, 1897, by an act of the legislature which became a law in March, 1906, and was designated as section 4464b, Kentucky Statutes, 1909. It was held in Hopkins County v. Givens, 147 Ky. 837, that section 4464b, as to the manner of adding additional territory to a graded common school district repealed the provisions in regard to that subject as prescribed in section 4464, Kentucky Statutes, 1909, and it was held in Trustees of Slaughterville Graded Common School v. Brooks, supra, that section 4464b, repealed all conflicting provisions of section 4464a. Section 4464b, Kentucky Statutes, 1909, was a statute which controlled the manner of adding additional territory to a graded common school district, being the law in force upon that subject on the 4th day of May, 1914. It ap-

pears that the attempted annexation in this case was made under the terms of section 4464, Kentucky Statutes, as amended by act of May 26, 1897, which at that time had been repealed by section 4464b. Section 4464b, Kentucky Statutes, was also repealed by the act of 1914, which amendment changed section 4464 into its present form, but at the time of the attempted annexation the statute of 1914 had not gone into effect, and the validity of the annexation must be tested by the provisions of 4464b, *supra*. The latter statute which was an act of 1906, provided that the board of education of the county, or the trustees of a graded common school district might enlarge the territory of such a district by extending its limits so as to include such desired territory, with the written consent of a majority of the legal voters within the territory proposed to be annexed. Under this statute all that was necessary to make effective the annexation of territory was the written consent of a majority of the legal voters within it, and an order of the board of education or of the trustees of the district establishing the boundaries of the district, so as to include the territory annexed, and fixing a date when the addition should become effective, and if the annexed territory was in a county other than where the graded common school district was located, no notice of the proceedings was necessary to the authorities of the county wherein the annexed territory was located, nor was there any action upon their part provided for. Trustees of Slaughterville Graded Common School District v. Brooks, *supra.* Until the date fixed for the annexation to take effect, the government of the schools affected thereby remained unchanged. The exhibits on file, which show the procedure taken to make the annexation, show that it was attempted, according to the provisions of section 4464, Kentucky Statutes, as it existed before its alteration by the amendment of 1914, and which had then been repealed by the provisions of section 4464b, *supra,* do not make a substantial compliance with the provisions of the latter statute which was then in force upon the subject. The written consent of a majority of the legal voters in the territory proposed to be annexed, relied upon, is a petition by them to the Pendleton county court to annex them to the appellant district. That court, of course, had no jurisdiction on the subject, and so far as the record shows, never assumed jurisdiction. The fixing of the boundaries

of school districts is a legislative function, and in this instance the legislature of the state had delegated the power to make the annexation to the trustees of the graded common school district, or to the board of education, when a majority of the legal voters in the territory should request it. The petition to the county court was presented to the county superintendent of schools, who had no authority to make the annexation, but who seems to have been the only authority who attempted to exercise the legislative power to make the annexation, and this it is averred that he did on the 4th day of May, 1914. A paper signed by the trustees of appellant on April 27, 1914, was also presented to the superintendent, by which they consented that the Pendleton county court might make the annexation according to the provisions of section 4464, Kentucky Statutes, which, as before stated, so far as its provisions related to enlarging a graded common school district had already been repealed. It is clear that the trustees of appellant did not exercise the legislative power granted it to make the annexation, but merely declared their consent that another authority might do so, which, as we have seen, had not jurisdiction and never attempted to exercise the power. If this paper had been only an irregular attempt to exercise the power of annexation, but had shown that the board of trustees of appellant had substantially done so, it would have been effective for the purpose, but it cannot be held to have had that effect, when the trustees expressly failed to exercise the power. The county board of education took no cognizance of the proceeding in any way. Hence, while the petition of the legal voters, in the territory desired to be annexed, to the county court, might be held to give their assent to the annexation, neither the trustees of appellant nor the county board of education ever exercised or attempted to exercise the power of annexation which had been delegated to either of them by the legislature, by making an order to that effect and fixing a date when the addition should become effective, and it follows as a natural sequence that the annexation was never in fact made, and hence the appellant is without legal right to maintain an action, as though it had been made.

The judgment is therefore affirmed.