## Hockensmith v. County Board of Education of Franklin County.

(Decided June 19, 1931.)

(As Modified September 23, 1931.)

JOHN M. BULL, JR., J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General for appellant.

MORRIS & JONES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS.— Reversing.

On May 2, 1931, the county board of education of Franklin County adopted an order or resolution providing for the issuance of bonds of the common school district of which the members of the board are representatives (and which under the present law is the entire county of Franklin outside of graded and city school districts that may have been established within it) in the sum of $26,000 for the purpose of funding an accumulated floating indebtedness that had been incurred by the board because of its spending (mostly for the last three years) a sum each year largely in excess of its revenues, a large portion of which is derived by it through the budget system, or the method created by section 4399a-8 of our present statutes. The remaining portion of the revenues of a county board of education is obtained from the state school fund, and the amount that each county so receives is measured by the number of school pupils residing in it, the state fund paying so much per capita.

The defendant, board, in this case was about to issue the bonds provided for in its order or resolution, when appellant and plaintiff below, a citizen and taxpayer in the district, filed this equity action against it in the Franklin circuit court to enjoin it from doing so upon the grounds that, (1) it did not legally create the indebted-

ness proposed to be funded, and for which reason it was and is void, and, (2) that if mistaken in ground (1), then defendant board, being merely an administrative body without the power to levy taxes and raise revenue, could not incur the debt in any event, and therefore it could not fund, though created for legal purposes, by the issuing of the proposed bonds. These grounds were in a manner denied and contested by the answer, but the record discloses that all parties to the litigation are friendly to the issuing of the proposed bonds, and the pleadings were not so searchingly drafted as to accurately develop the facts and conditions with reference to the finances of the board at the time it created the various annual installments of the aggregated indebtedness proposed to be funded. Whether the board had the right under the contention of its learned counsel, hereinafter to be referred to, to expend funds beyond that which it actually received, would depend upon the existence of certain facts that are not alleged as a condition precedent to its receiving any greater sum for school purposes (from a levy to be made by the fiscal court of the county) than it did receive, and from which we would be compelled to grant the relief sought by plaintiff, and this too, although counsel should be correct in their contention that the board had the right to create the indebtedness and also the right to fund it in the manner proposed. The trial court on final submission dismissed the petition and adjudged that the floating indebtedness of defendant was valid, and that it had the right to fund it by the issuing of the bonds of the county common school district in the manner undertaken, and from that judgment plaintiff prosecutes this appeal.

In support of the judgment (assuming that the pleadings were sufficient to present the case on its merits) two lines of cases which this court has heretofore rendered are relied on, and which are: (a) That any county, city, town, taxing district or other municipality in this commonwealth is authorized to expend in any one year all of the revenue which it might have raised by imposing the maximum rate of taxation allowed by section 157 of our Constitution, and that they are not limited in their annual expenditures to the amount of collected revenues that may be derived from levying a less rate of taxation than the maximum one prescribed in that section. It being the contention of counsel that a governmental agency without authority to levy and collect taxes,

such as a county board of education, is embraced within such interpreted authority; and (b), cases holding that the valid floating indebtedness of any city, town, county, taxing district, or other municipality, may be funded without a vote of the people within the territory affected. Examples of cases in class (a) are City of Providence v. Providence Electric Light Co., 122 Ky. 237, 91 S. W. 664, 28 Ky. Law Rep. 1915, and Hogan v. Lee County Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611. There are other intervening ones to the same effect.

Those cases construe the language in section 157 of our Constitution, limiting the expenditures of the subordinate governmental agencies therein specified, as allowing them to expend during any fiscal year the amount of revenue that could have been raised if the maximum rate of taxation provided for in that section had been adopted, and that the expenditures which such organizations may make during any one year is not limited by the amount of revenue actually collected and produced by levying a less rate of taxation than the maximum one therein provided for. The limiting language therein says: "No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same."

By way of illustration, those cases hold that a county, being authorized by the section of the Constitution (157) to levy a maximum rate of 50 cents on each hundred dollars worth of taxable property therein, may incur an indebtedness in any fiscal year in an amount up to what such maximum rate would have produced had it been levied, although its fiscal court may have actually levied a much smaller rate, or even no rate at all. It is not our purpose at this time to draw in question the soundness of that interpretation when first made, and in the determination of this case it will be accepted as proper in every respect, notwithstanding this court in rendering such opinions since 1906 made no mention of, or refer-

ence to, section 4281u-4 of our present statutes, which was a part of chapter 81, page 352, of the Session Acts of 1906, the provisions of which limit the expenditures of subordinate governmental agencies having power to levy and collect taxes to the amount "actually levied and collected for that year," and makes it a misdemeanor with fine and imprisonment for any member of the managing boards of such governmental agencies to expend more in any one year than what was actually levied and collected for that purpose.

The cases composing class (b), supra, are illustrated by that of Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104, and others following it, and which hold that a floating indebtedness of such subordinate governmental agencies, if validly created and with full power and authority to do so at the time of its creation, may be funded by the issuing of bonds for that puprose by the managing authorities of such agencies without a vote of the taxpayers therein. Under the two classes of cases referred to it is argued by learned counsel for the board that the record shows that its indebtedness which it proposes to fund, by the issuing of the bonds here in contest, was and is a valid one which the board had the power and authority to create at the time it was done, under above interpretation of section 157 supra, and, being so, it also has the right to fund that indebtedness by the issuing of the bonds which it proposes to do for that purpose.

Before discussing and announcing our conclusions on those two contentions it, perhaps, should first be said, as we have already intimated, that it does not appear from the pleadings in this case that the indebtedness proposed to be funded was a valid one at the time it was created even if it should be held that the defendant could become indebted in any event, or in any amount. However, if it could become indebted in any one year to an amount that could be produced by the levying of the allowed maximum rate of taxation for the production of its revenue (notwithstanding that rate was not levied for the particular year in which any part of the indebtedness was created), as a county or a municipality may do under the doctrine of the cases in class (a) supra, then we do not construe the pleadings in this case to show or allege defendant's right or authority to incur the indebtedness proposed to be floated by the contemplated bonds.

It is shown by the pleadings that $5,000 of such indebtedness was carried over from a $25,000 indebtedness created by the county board prior to 1927, that amount having been paid down to $5,000 before the enactment of chapter 81, page 279, of the Acts of the Legislature for 1926, and which is the present section, supra (4399a-8), of our Statutes. The county board of education could not require the fiscal court of the county, prior to the enactment of the 1926 statute to levy a tax rate exceeding 50 cents for school purposes: The 1926 act increased the rate of taxation to 75 cents on each one hundred dollars of taxable property that the fiscal court may levy for county school purposes, provided the proper budget was filed before it by the county board of education, but the increased 25 cents from the original maximum rate of 50 cents was upon conditions that a school term of prescribed duration should be taught, and that the teachers of the county should be paid certain standard salaries enumerated therein.

It is shown that up until the passage of the 1926 act, so conditionally increasing the maximum rate that county boards of education could require the fiscal courts to levy, the fiscal court of Franklin County levied for school purposes the then maximum rate of 50 cents, and which was done on demand of the then county board of education of the county. But, notwithstanding such facts, the board accumulated an indebtedness of $25,000, at least $5,000 of which, as it appears, has not been paid, and which constitutes a part of the floating indebtedness proposed to be funded by the contemplated bonds. It is, therefore, difficult for us to see how it could be contended that so much ($5,000) of the proposed bond issue of $26,000 was, and is, authorized.

Neither was it alleged in any pleading that since the passage of the 1926 act (and after which defendant could have, upon manifestation to the fiscal court of Franklin County of certain facts and conditions, required that court to levy the additional 25 cents maximum rate therein provided for) defendant has on any occasion, or within any of the following scholastic years, manifested in budget form to the fiscal court of Franklin county the facts entitling it to the additional 25 cents provided for by the 1926 act, so as to compel the fiscal court to levy the maximum rate therein provided for, and which facts and conditions are set out in section 4399a-8, supra, of our Statutes.

Therefore, we repeat, that, since the county board of education could not require the fiscal court to levy the maximum rate fixed in the 1926 act (except upon certain specified conditions) it was without authority to incur any indebtedness proposed to be funded by the contemplated bonds, for the manifest reason that it took no steps as required by the statute to procure the levying and collecting of any part of the increased maximum rate that could be demanded from the fiscal court under the 1926 act, and during which time it collected and spent the maximum rate that could be collected from the county before the enactment of that statute.

But we will not pursue that line of discussion further, because we are convinced that in no event does a board of education, under the law as it now prevails, and did prevail during the time of the incurring of the indebtedness here involved, have the right to expend any more money than what it received from the state, as augmented by what it obtained locally through its budget application provided for by the section of the statute supra (4399a-8). In other words, it is our conclusion that a board of education of a school district, such as is defendant, under the law as it now exists, is only an administrative body with no power to levy or collect taxes: Board of Trustees of Demossville Graded Common School District v. Board of Education of Kenton County, 193 Ky. 502, 236 S. W. 1033. It can raise, in and of itself, no revenue to defray the expenses of the school unit of which it is the administrative agent. It can demand of the state no particular or designated amount of money, but must receive only such an amount as it may be entitled to as measured by the distribution of the state collected school funds on a per capita distribution among the entire number of pupils in the state, the amount to which any particular board of education is entitled from that source being computed by the number of school children within the borders of the school district.

In addition thereto the county board may cause the fund that it collects from the state to be augmented by applying to the fiscal court of its county in the manner pointed out by the section of the Statutes, supra (4399a-8), and requesting and requiring that court to make the levy so requested, and which the fiscal court is compelled to do if the facts authorizing it are properly manifested in the submitted school budget. See Board of Education of Marshall County v. Fiscal Court of

Marshall County, 229 Ky. 774, 17 S. W. (2d) 1009. It is not necessary now to point out what those facts are, further than what is contained in this excerpt from the statute: "The amount necessary, as well as the levy necessary, for supplementing teachers' salaries and for the other purposes herein set forth, must be itemized in the budget submitted by the county board of education to the county fiscal court at the time the request for the levy is made."

Without the incorporation into the budget of the required facts, the fiscal court would not be compelled to make the requested levy; and under the statute when such levy is made and the tax is collected it is the duty of the board of education to expend the funds for the purposes so specified in the submitted budget to the fiscal court, upon which it procured the levy to be made. The theory upon which this case is sought to be brought within the doctrine of the cases within class (a) supra, is that the county board of education could have requested originally, if the facts authorized it, the fiscal court of its county under the 1926 act to have levied a rate of taxation sufficient to produce the funds that it did expend in creating the indebtedness proposed to be funded and, since, under the doctrine of those cases, it could have so requested but did not, and the indebtedness which it created not exceeding the maximum rate of taxation that it could have demanded, the indebtedness under that class of cases is valid; and that, under the doctrine of the cases in class (b) supra, it may issue the funding bonds sought to be enjoined. But to adopt that intrepretation would be in the teeth of the statute creating the county board of education and of its section 8, which is the section 4399a-8, supra, of our present Statutes, and it would also enable county boards of education to expend alleged anticipated county school funds without ever complying with the statute entitling them to any such funds. Such an interpretation would not only result in the annulment of the statute, but would likewise be followed by overwhelming indebtedness of county school boards to the point of ruinous bankruptcy, and all of which was created in direct violation of the statute giving the board the right to collect school funds from the county.

A mere cursory reading of the statute forces the conclusion that a county board of education possesses no

authority under the law to itself raise and produce any part of the public school fund that it may expend in the maintenance of the public schools. Its authority, in that regard, extends no further than to enable it to request, on certain conditions, the fiscal court of its county to augment the state school funds by levying and collecting a rate of taxes not exceeding the prescribed maximum limit, and if it should make no such request based upon the required conditions, it needs no argument to show that it could not expend the amount of money that could have been raised by such a request, but which it failed and refused to do. In other words, our conclusion is that the doctrine announced in the cases forming class (a) supra, is confined solely to tax-levying authorities and does not extend to purely an administrative body having no authority or right to levy or collect taxes; but that the latter can expend only such revenue as comes to it through the channels of the law, and if one of those channels be such as is provided in the section of the statutes, supra, which gives the board of education the conditional right to have enalrged its submitted budget to the fiscal court, such right furnishes no authority for it to become indebted over and above the amount that it sought to obtain by the submission of its budget or budgets to that court.

To carry the contention of the board in this case to its logical conclusion would result, we repeat, in repealing the very section of the statutes relied on by defendant herein in that, as we have seen, it would permit defendant as such board of education to itself expend the amount of taxes that could be raised by the levy and collection of a county rate of an amount representing the difference between the rate it asked for in its submitted budget, and the maximum one that it could have asked for. If such expenditures should be approved as binding and conclusive in such a case, then the statute, to the extent of that indebtedness, would have been wholly ignored. Clearly, as will appear from what we have said, it was the intention of the Legislature that a board of education should operate on the pay-as-you-go plan. Such a plan would result in no hampering of the board in executing and performing its functions; for, if after it has submitted its budget to the fiscal court of the county for the levy of a rate less than the maximum rate that it could have demanded, an emergency should arise; or it should

become manifest that an additional levy, not to exceed in all the maximum rate prescribed, will be required, it could then submit an additional budget to the fiscal court accompanied with a request for an additional levy sufficient to meet the emergency, but not to exceed such provided maximum rate. In this manner it could perform its functions to the fullest extent, and at the same time confine its activities within the express provisions of the statute, and which latter, it appears, was enacted for the very purpose of restraining the board of education from expending money and becoming indebted in defiance of such statutory or constitutional restraints.

Our conclusions, as above expressed, are not in conflict with the opinion in the case of King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053. While that opinion might be interpreted as impliedly holding that a county board of education might become indebted contrary to what we have herein determined, no such question was therein presented, argued, or adjudged, and the relief therein sought (which was the approving by the court of contemplated bonds for the funding of a floating indebtedness of the county board of education) was denied by that opinion because it was not shown that the indebtedness proposed to be funded was valid. The question as to how and when, if at all, a county board of education could become indebted, we repeat, was not determined, nor have we any such question in this case. It follows that the indebtedness proposed to be funded by the issuing of the contemplated bonds herein was, and is, clearly unauthorized and, therefore, invalid.

We feel that it is unnecessary for us to comment on what would be the result if we were to hold otherwise than as herein determined, and to approve a contracted indebtedness by a board of education of the nature and kind here involved, further than to say that if the construction contended for by learned counsel for defendant should be adopted the time would be not far distant until the school districts of the state would be utterly bankrupt and the inevitable sufferers would be the eligible pupils in the public schools for whose sole benefit the system was created. Such an approval would also involve a complete ignoring and setting aside of constitutional and statutory inhibitions against the creation of such indebt-

edness, to the end that no such destructive result should happen.

Conceding that there exists some foundation for the doctrine of the cases in class (a) supra, as applicable to the tax-levying boards who are responsible, not only for the governmental policies adopted in such governmental units, but who are also vested with the authority to produce the public funds necessary to carry them out, by themselves levying and collecting sufficient taxes for that purpose within statutory or constitutional limits, although, as we have said, the court in rendering them seems to have taken no notice of section 4281u-4 of our present statutes; yet we are unwilling to extend that principle any further than our opinions in the cases referred to have done, and to still confine its application to debts created by the same authority that has the right to levy and collect taxes for their extinguishment.

We, therefore, conclude that the court erred in rendering the judgment it did, and this cause is reversed, with directions to the lower court to enter an order (or judgment) as will be consistent with this opinion.

Whole court sitting.