## Arrowood v. Board of Education of Paintsville Graded School Dist. et al.

(Decided June 25, 1937.)

I. L. AUXIER for appellant.
C. F. PACE for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Johnson circuit court approving the issuance of $30,000 in 5 per cent. funding bonds by the Paintsville Graded School District for the purpose of paying off an alleged outstanding floating indebtedness of the school district in the amount of $30,073.86.

It is claimed that this indebtedness is an accumulation of deficits resulting over a period of years from 1928 to 1936, inclusive. Copies of the school budgets for each year are filed in the record and disclose budgetary anticipations over the period from 1928 to 1936 of $341,070.28. According to the figures contained in an exhibit filed in the record with the testimony of an auditor, the anticipated revenues over this same period were $355,428.08. According to this same auditor, total

deductions during this period from the income of the district, together with accrued interest, amounted to $52,494.48. During this same period expenditures by the School District aggregated $303,453.86. No attempt is made anywhere in the record to show what the actual income of the School District may have been during the years in question. If we deduct the $52,494.48 from the anticipated revenue as fixed by the auditor then there should be a deficit of only $520.26 in the accounts of the School District instead of the claimed deficit of $30,073.86. On the other hand, if we take the deductions from the anticipations as shown in the budgets, there should be a deficit of only $14,878.06. No attempt is made to show the years within which deficits occurred, or that they resulted from failures to make reasonably anticipated collections, and not simply from the extravagance of the school board. Nor is it apparent that the school board requested a reasonably sufficient tax rate to meet these deficits if they exist. In other words, since the "anticipated revenue" of a school board is its "budgeted revenue," it should be shown that a sufficient sum was budgeted to take care of the expenses. Hockensmith v. Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656.

There is testimony to the effect that the outstanding bonded indebtedness of the district amounts to only $23,000. On the other hand, the budget for the year 1935-36 (the last budget filed) shows an outstanding indebtedness of $47,300, made up of "voted bonds" $32,000, and "otherwise" $15,300. If we accept the auditor's statement that there is but $23,000 in bonds outstanding, then the debt here sought to be refunded, when added to that figure, still remains within the limitations of section 158 of the Constitution. On the other hand, if we take the figures as contained in the budget, then that amount, when added to the sum here proposed to be bonded, may exceed the limitations of section 158. Certainly, if this entire debt has been created since the 1935-36 budget was made up, then it is hard to see how it could be valid. On the other hand, no explanation is offered for the discrepancy between the figures in the budget and those fixed in the audit.

The audit sets out the rates of taxation for school purposes during the years mentioned, but only two or three of the budgets indicate that the rates requested by the school board were actually levied by the fiscal

court. We cannot determine the validity ot the alleged debt without some proof to show how it was created and that it actually exists. No useful purpose can be subserved by here repeating the reasoning or rules announced in the case of Hockensmith v. Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656. By following the Hockensmith Case, counsel may be able to establish a right to issue the bonds. It is sufficient here to say that the proof before us does not establish the validity of the debt sought to be refunded.

Judgment reversed for proceedings consistent herewith.