## Arrowood v. Board of Education of Paintsville Graded School Dist.

(Decided Feb. 4, 1938.)

I. L. AUXIER for appellant.

C. F. PACE and H. H. RAMEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Affirming in part and reversing in part.

This is the second appeal of this case. See Arrowood v. Board of Education of Paintsville Graded School District, 269 Ky. 464, 107 S. W. (2d) 324. The proceeding was brought for the purpose of securing judicial approval of an issue of $30,000 in 5 per cent. funding bonds by the Paintsville Graded School District. In the opinion on the former appeal it was pointed out that the proof failed to show the actual income of the school district during the years when the indebtedness sought to be funded was created or the years within which deficits occurred. The record also failed to show what other funded debts existed from which it could be determined whether or not the indebtedness outstanding exceeded the limitations of section 158 of the Constitution.

After the case was returned to the circuit court, the school board filed an amended answer in which it undertook to set out in detail for each year: (1) The revenue anticipated (not budgeted); (2) the shortage in such revenues; and (3) the actual deficit for the year. It also alleged that the total deficit was $38,099.60, instead of $30,073.86. It is again nowhere shown either by pleading or proof what the actual cash returns were to the board for each year. Except for the total given by the auditor on this item, which is $304,563.60, we

might assume that the actual collections were to be determined by subtracting the alleged shortages from the alleged anticipated revenue. However, when we do this we get $293,702.53. In other words, our figures fail to balance by $10,861.07. There is nothing in the record from which we have been able to ascertain which figure is the correct one. The figures given are so irreconcilable that we are at a total loss to understand them. Two examples will suffice:

If the auditor is correct in his figure on the total amounts collected, then the outstanding indebtedness is, according to him, only $30,592.75. On the other hand, the answer alleges that the outstanding indebtedness is $38,099.60, and this figure tallies with the sum of all of the alleged deficits for each year as given by the auditor.

Taking the year-by-year figures that go to make up the total income of $293,702.53, we find that during the year 1930-31 the board actually expended $6,134.02 more than its budgeted income. So much of the debt must necessarily be assumed to be invalid so far as this record is concerned. According to our figures, the collections for that year were $44,676.91 (the difference between the anticipated revenue of $52,002.10 and the shortage of $7,325.19). The alleged deficit given for the year—$3,707.11—when added to the collections certainly ought to show the amount expended. Adding these figures, we get an expenditure for the year of $48,384.02, which is $6,134.02 more than the budgeted revenue. The board is limited in its spending to the amount budgeted. Hockensmith v. Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656.

When we go to the record on the first appeal, we find a list which purports to give the expenditures for each year and which shows an expenditure of but $44,676.91 for the year 1930-31. This figure of $44,676.91 is identical with the figure we arrived at for the collections. There is no way in which we can tell which should be accepted.

In this state of the record, and we might give other examples, we are bound to hold that the school board has not sustained the burden of establishing the validity of the alleged indebtedness. Furthermore, if the out-

standing bonds are $26,000 as now claimed, then the board has apparently already exceeded the limitation fixed by section 158 of the Constitution by approximately $7,000 and the debt is invalid to this extent even if we were mistaken in our figures for the 1930-31 school year mentioned above.

The record indicates that a final judgment for $15,300 has been recovered in a bona fide suit against the board since the former appeal of this case. It also appears that the amount there liquidated is included in the obligations sought to be funded. We therefore approve the issue of bonds to the extent of $15,300 together with such interest thereon as may have accrued up to the date of the actual funding of the judgment. We withhold approval of the remainder.

The judgment is affirmed in part and reversed in part.