# Ebert v. Board of Education of School District of City of Newport et al.

April 28, 1939.

**76**

CARL H. EBERT for appellant.

LORIMER W. SCOTT for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is the second appeal of this case. See Ebert v. Board of Education, Ky., 126 S. W. (2d) 1111. As pointed out in the opinion on the first appeal, this is an effort to secure judicial approval of a bond issue in the sum of $90,000 to fund the alleged floating indebtedness of the Board of Education of the City of Newport. The only question now before us is whether or not the proof is sufficient to establish a valid floating indebtedness which may thus be funded.

On the first appeal, we determined that the mere testimony of the business manager of the board of education was not the best evidence of the anticipated revenue, or of receipts and expenditures, where there were available the official annual budgets of the board and the official financial reports showing actual receipts and expenditures. We therefore reversed the judgment with leave to the appellee to introduce the official documents, and, again, to apply for approval of the bonds.

Under Section 186c-7 of the Kentucky Statutes, the burden of establishing the validity of the debt sought to be funded is placed upon the public body seeking to issue the bonds. It therefore follows that it is incumbent on the issuing authority to establish affirmatively that the debt to be funded is a valid one; and, where the record does not disclose the validity of the debt, it is our duty to withhold approval of the bonds. It has consistently been held since the decision of this Court in Hockensmith v. Board of Education of Franklin County, 240 Ky. 76, 41 S. W. (2d) 656, that a school board cannot validly anticipate revenue in excess of the amount which it has fixed in its budget. Arrowood v. Board of

Education, 269 Ky. 464, 107 S. W. (2d) 324. We have set out herewith the totals of the amounts budgeted, expended, and received, as shown by the official records of the board for the years in question. It will be observed that the expenditures made are less than the budget anticipations for every year except 1934. We conclude, therefore, that, with the exception of 1934, expenditures were validly made under constitutional and statutory limitations.

Strange as it may seem, it is alleged in the answer of appellee that "there was a surplus of receipts over anticipations" in 1934 of $12,091.69; and this allegation is supported by the testimony of the business manager of the board of education. No attempt is made to explain the discrepancy between the budget figures and this testimony, but, as pointed out on the first appeal, the official documents are the best evidence and, in the absence of explanation, we must adopt those figures.

There is no attempt made to show what may be the interest on so much of the debt as is outstanding. No doubt this item is included in the figures given from year to year since appellee has contented itself with undertaking to prove merely the principal amount of the indebtedness for each annual period. As shown by the table[1] herewith, this amounts to but $85,213.69—a sum less than the amount sought to be funded. From this figure, of course, we are compelled, because of the lack of proof, to deduct the apparently invalid deficit for 1934, amounting to $11,469.77, which leaves but $73,743.92 as the amount of the outstanding indebtedness of which we can approve.

The proof satisfactorily establishes the validity of the debt sought to be funded to the extent of $73,743.92,

| [1] Year | Amount Budgeted | Amount Expended | Actual Receipts | Surplus or Deficit |
|---|---|---|---|---|
| 1930 | $ 329,000.00 | $ 263,159.73 | $ 294,742.78 | + $31,583.05 |
| 1931 | 343,500.00 | 308,308.04 | 276,601.03 | — 31,707.01 |
| 1932 | 370,807.46 | 293,740.43 | 267,808.36 | — 25,932.07 |
| 1933 | 289,750.00 | 279,752.50 | 283,900.36 | + 4,147.86 |
| 1934 | 281,000.00 | *292,562.26* | 281,092.49 | — 11,469.77 |
| 1935 | 333,835.60 | 299,031.39 | 268,902.89 | — 30,128.50 |
| 1936 | 406,865.00 | 368,309.64 | 354,355.29 | — 13,954.35 |
| 1937 | 373,297.11 | 367,998.60 | 339,837.13 | — 28,161.47 |
| 1938 | 372,500.00 | 338,144.71 | 358,553.28 | + 20,408.57 |
| | $3,100,555.17 | $2,811,007.30 | $2,725,793.61 | Net (—) $85,213.69 |

although the repeated deficits raise grave doubts of the proper administration of the school finances. We conclude that insofar as the judgment of the trial court approves the issuance of bonds in excess of this amount it is erroneous. The bond issue may be approved, however, in the amount of $73,743.92.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.