No. 33,673

THE BOARD OF DIRECTORS OF THE FORT SCOTT PUBLIC LIBRARY, *Appellee*, v. D. A. DRAKE, as County Treasurer of Bourbon County, and the Board of County Commissioners, etc., *Appellants.*

(75 P. 2d 275)

Opinion filed January 29, 1938.

*Daniel O. Lardner*, of Fort Scott, for the appellants.
*F. W. Bayless*, of Fort Scott, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order overruling defendants' demurrers to plaintiff's petition. The legal question presented is whether the board of directors of the Fort Scott public

library or the governing body of the city of Fort Scott has authority to levy the tax for the maintenance of the library.

The Fort Scott public library was organized under section 12-1201, G. S. 1935, and functions under the subsequent sections of that article. It is managed by a board of nine directors, of which the mayor of the city, ex officio, is one, and the others are appointed by the mayor with the approval of the city council. The statute (G. S. 1935, 12-1201) provides, if the vote for the establishment of the library is favorable, "the governing body [of the city] shall annually thereafter levy a tax in such sum as may be by resolution of the directors of the free library designated, not to exceed one mill on the dollar on all taxable property in such city subject to tax, to be levied and collected in a like manner with the other taxes of said city and to be known as the library fund." It is the duty of the directors of the library to elect a treasurer of the library board (G. S. 1935, 12-1211), and when that fact is certified to the city treasurer, and bond given, it is the duty of the city treasurer to pay over the moneys in the library fund to the treasurer of the library board (G. S. 1935, 12-1212), and his duties are prescribed (G. S. 1935, 12-1213). For many years the library tax had been levied by the governing body of the city of Fort Scott, and the money collected therefrom received and placed in the library fund by the city treasurer, and by him paid to the treasurer of the library board, all as provided for in the statutes just mentioned.

In 1933 the legislature enacted what is commonly known as the budget law (Laws 1933, ch. 316). The first section of this act (as amended, Laws 1933, ch. 121, Special Session, now G. S. 1935, 79-2925), so far as here pertinent, reads:

"This act shall apply to all taxing subdivisions or municipalities of the state, including counties, cities of the first, second and third class, townships, . . . school districts of all types, rural high-school districts, community high-school districts, drainage districts and library boards."

The language of this section follows the language of the title of the bill, except that the words "library boards" are not in the title. While our constitution (art. 2, § 16) requires the subject of a bill to be clearly expressed in its title, it is not contended the inclusion of the words "library boards" in the body of the bill and not in the title renders the act unconstitutional as to library boards. We think this position is correct, for it is clear the act was made to apply "to all taxing subdivisions . . . of the state," meaning

by that term all divisions of the state authorized by law to levy taxes and use the money collected thereby for the lawful purposes of the subdivisions. The fact these words were followed by "including . . ." and the names of all, or most, of the taxing subdivisions of the state, does not indicate a limitation of the act to the taxing subdivisions so named. The act applies to taxing subdivisions of the state, whether named in the enumeration or not.

Conceiving the use of the words "library boards" in the act (G. S. 1935, 79-2925) caused the board of directors of the Fort Scott public library to become a "taxing subdivision" of the state (and the governing body of the city desiring to levy all the taxes it could, ten mills on the dollar [G. S. 1935, 79-1951], without levying any tax for library purposes), plaintiff proceeded to prepare its budget, gave notice, and held a hearing thereon, and determined the amount of money needed to maintain the library and the rate of tax levy for the year 1935 to be six tenths of a mill on the dollar, and certified this to the county clerk, all in the time and in conformity to the budget law (G. S. 1935, 79-2925 *et seq.*). The county clerk entered this levy on the tax roll and the county treasurer collected it as he collected other taxes.

Certain taxpayers paid this tax under protest, on the ground the library board had no legal authority to levy a tax and certify a tax rate to the county clerk for the raising of library funds, but that the governing body of the city is the duly constituted authority to make a levy for library purposes. Thereafter these protesting taxpayers duly presented their protest to the state tax commission, which gave notice to all parties interested and held a hearing, and determined plaintiff had no authority to levy the tax and that the levy was void, and made an order that the county treasurer refund the money collected from the protesting taxpayers.

This action is to enjoin the county treasurer from obeying the order of the tax commission and to require it to pay to plaintiff the tax money paid by the protesting taxpayers.

The specific question for our determination is whether the inclusion of the words "library boards" in the first section of the budget law (G. S. 1935, 79-2925) made plaintiff a "taxing subdivision" of the state. We feel confident in holding that it did not. Prior to that time plaintiff did not have authority to levy taxes, hence was not a taxing subdivision of the state. It was not the purpose of the budget law to create new taxing subdivisions of the

state. It did not attempt to do so. The status of plaintiff as to being or not being a taxing subdivision of the state was not changed by the budget law. Section 12-1201, G. S. 1935, requiring the governing body of the city to levy a tax annually for the support of the library, was not amended, or attempted to be amended, or repealed, by the budget law. (See Const., art. 2, § 16.) The trial court expressed the view that since the libraries in some cities are managed directly by the governing body of the city, and some are managed through library boards, it was the intention of the legislature in enacting the budget law to make all those managed through library boards taxing subdivisions of the state irrespective of their previous status in that respect. We cannot agree with that view.

The judgment of the trial court is reversed, with directions to sustain the demurrers to the petition.