## Hancock v. Henderson County Board of Education

(Decided March 4, 1938.)

CLAY & CLAY for appellant.
ODIE DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. The former one is of the same style and reported in 271 Ky. 473, 112 S. W. (2d) 666, and our opinion was rendered January 14, 1938. It is an action brought by appellee and plaintiff below, Henderson County Board of Education, against appellant and defendant below, Clair A. Hancock, a citizen and taxpayer of Henderson County Common School District, as representing herself and other taxpayers of the district, and is the one authorized by section 186c-7 of Baldwin's 1936 edition of Carroll's Kentucky Statutes, seeking the approval of the court of a proposed bond issue of the county school district to the amount of $25,000, in order to fund outstanding indebtedness of the district to that amount. Plaintiff claims the indebtedness was lawfully created, and is the result of annual deficits of the provided and available annual revenue for the district for a series of years, beginning with the scholastic year 1930 and ending with the scholastic year 1937. The first judgment of the circuit court approved the bonds, but upon appeal to this court it was reversed, and in our opinion the grounds therefor were pointed out. Reference is made thereto for that information.

On January 28, 1938, 14 days after our opinion was rendered, a copy thereof was filed in the Henderson circuit court, but it does not appear from the record that any mandate was ever issued from the clerk's office of this court, nor, of course, was any filed in the circuit court; nor does the present record show that the judgment of the latter court, which we reversed, was ever set aside. Nevertheless the parties proceeded with the case by plaintiff filing an amended petition following the filing of our opinion rendered on the first appeal, wherein it sought to meet the criticisms pointed out in that opinion. Proof was then taken to establish the modified and enlarged allegations contained in that amended petition. It will thus be seen that the case was practiced irregularly, since no such renewed procedure should have been inaugurated in any event until after the filing of the mandate from this court, and after the original judgment was set aside pursuant thereto. However, the parties appear by their acquiescence to have waived nonobservance of such correct rules of practice

and thereby cured any consequence of failure to follow them.

On the merits of the case the additional testimony taken at the second hearing might, with liberality of interpretation, be considered as establishing substantial compliance with the provisions of the statute, supra, notwithstanding neither the amended petition, nor any proof in the cause, developed the number of pupil students in the district and the per capita therefor received from the state treasury, so as to show the amount of revenue that might be anticipated by the district from that source, but which correct practice would dictate should have been done. It does appear that the board of education budgeted a named amount throughout the years of the accumulating deficits, all of which it avers were within the sources of revenue to which it might look for that purpose; but the pleadings nowhere set out such source of revenue to which it might so look, except that derivable from the fiscal court levy upon the property within the county pursuant to a request therefor by the county board of education. No other source of revenue is named, except by general averment that the budget, and the shortages of revenue for each of the years, were within the fixed sources of revenue available to the board. However, since that defect was not mentioned in our first opinion as being a prejudicial omissison, it might be considered as ineffectual on this second appeal under the "Law of the Case" rule. Nevertheless, we deem it proper to state that the sources of revenue of any political unit desiring to issue such funding bonds as are here involved should, in order to comply with the statute, supra, plead and prove the facts referred to as having been omitted, so as to enable the court to determine for itself the aggregate amount of revenue that might be anticipated for each year, and not to be required to glean what that amount was by a general conclusion allegation of the pleader.

The proof heard established the facts averred in the amended petition, and upon a second submission the court approved the issuing of the bonds, from which defendant prosecutes this appeal. With the exception of what we have already commented on (but which for the reasons stated we do not regard as reversible error on this particular appeal), the defects pointed out in our first opinion were cured by the proceedings had after

the filing of a copy of our opinion in the court below, and under prior opinions of this court there appears to be no ground for reversing the last judgment.

Before closing the opinion, attention should be called to the fact that in some prior opinions in cases of the same nature as this one the established rules of practice have not been observed. The action partakes of the nature of a strictly equitable one, triable exclusively by the court, and it would appear that appeals from judgments rendered therein by the trial court should be governed by the established rule with reference to appeals in other equity cases. That rule is for this court to render final judgment upon the facts as presented by the record brought here on appeal. If those facts do not authorize the relief sought by the parties, it should be so finally determined, and the trial court should be directed to enter the appropriate final judgment to which the parties are entitled under the facts brought here. The departure therefrom by us in some prior cases of this kind treats the appeal as if the action were an ordinary one in which this court should only direct whether or not a new trial should be granted. As a consequence, interested parties in obtaining the particular adjudication required and desired exhibit laxity of preparation of the case on the first hearing and by appeal seek to ascertain from the Court of Appeals what, if anything, has been omitted and to then supply the omission on a second hearing in the trial court, the same as when only a new trial had been ordered by us. The better rule, as well as the correct one, requires that the facts be developed at the first hearing and that the parties be required to abide by the adjudication, whatever it may be, as based on such developed facts. Our leniency in relaxing and not insisting upon a strict observation of that rule has heretofore met with the approval of all parties to the litigation, since none of them are combative in their nature, but altogether friendly. It was tolerated by us in order to allow time for attorneys to acquaint themselves with our interpretation of the requirements necessary to obtain the relief sought and to practice their cases accordingly; but it would seem that such educational period has existed long enough for that purpose and that we should exercise our right to correct the departure from the proper practice referred to, and that in the future

as full and complete preparation of the cause should be made as the facts warrant before the first submission, at the hearing of which the judgment rendered will be treated as a final one after passing through this court without the right of a new trial.

Wherefore, for the reasons stated, the judgment is affirmed.