## Brown v. Hopkins County Board of Education.

(Decided June 21, 1938.)

J. T. GOOCH for appellant.

GORDON, GORDON & MOORE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Hopkins circuit court approving an issue of funding bonds which the board of education of Hopkins county proposes to sell for the purpose of paying off a floating debt. The debt amounts to $32,002.90, and the board has authorized the issual of bonds in the principal amount of $30,000. It proposes to pay the indebtedness in excess of the principal amount of the bonds out of current revenues. It is clearly established by the record that the indebtedness resulted from deficiencies in the revenues of the board of education. During the years 1931 to 1937, inclusive, the revenues were approximately $43,000 less than the income anticipated in the board's regular budgets. The board of education during that time spent approximately $11,000 less than the total amount of its budgets, which explains why the floating indebtedness is less than the shortage in its anticipated revenues during those years. The shortage resulted chiefly from failure to collect in full the 50 cent school levy on real estate.

It is conceded that the indebtedness which the board of education proposes to fund was validly contracted, but it is argued that the board is without authority to issue funding bonds. No authority for that contention is cited. It has been held in a number of cases that a board of education has authority to fund a valid debt. Webster County Board of Education v. Hocket, 267 Ky. 498, 102 S. W. (2d) 1018; Lee v. Board of Education of Bell County, 261 Ky. 379, 87 S. W. (2d) 961; Lawson v. Board of Education of Greenup County, 265 Ky. 630, 97 S. W. (2d) 542; Harris v. Holt, 266 Ky. 576, 99 S. W. (2d) 759; Meade v. Board of Education of

Johnson County, 268 Ky. 71, 103 S. W. (2d) 701. The record shows conclusively that the debt sought to be funded is a valid obligation of the board. The board kept its expenditures well within the amounts fixed by its budgets, but, nothwithstanding this, the debt which it proposes to fund was created due to unexpected failures in the revenue.

The judgment is affirmed.