## Williams et al. v. Board of Education of Paintsville et al.

(Decided June 24, 1938.)

HOWES & WALKER for appellant.

C. F. PACE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

If the Board of Education of the Paintsville Graded School District had been as persistent in exercising economy as it has been in seeking to secure final judicial approval of its efforts to bond its alleged in-

debtedness, we have no doubt the present litigation would have been unnecessary. This is the third application to this court for approval of funding bonds. See Arrowood v. Board of Education of Paintsville Graded School District, 269 Ky. 464, 107 S. W. (2d) 324; Id., 271 Ky. 812, 113 S. W. (2d) 466.

Perhaps it was the failure to keep proper accounts that caused the chaotic condition presented on the first appeal. On the other hand the confusion in the accounts may have been a reflection of the indifference with which the board had regarded the legal limitations on its expenditures. At any rate, the issuance of $30,000 in bonds was not approved. But following the lenient procedure at that time being permitted, the court reversed the judgment for consistent proceedings with the suggestion of how proper proof might be made. There were further pleadings and evidence and another judgment rendered by the circuit court approving the bonds. On the appeal therefrom, through the continuing confusion of the figures, we were able to perceive that at least $7,000 of the debt was void because incurred in direct violation of the constitutional restrictions. However, we approved bonds to the amount of $15,300. Except to that extent the judgment was reversed because the board had not sustained the burden of establishing the validity of the indebtedness.

After that opinion was delivered the board adopted a resolution reciting in its essential portions and in substance that delinquencies and losses in revenue during the period of 1934 to 1936 had produced a deficiency in the income aggregating approximately $16,000 as of June 30, 1937; that judgments had been rendered on its warrants which were unsatisfied; that the debt was within the 2% limitation of the constitution, and that bonds should be issued to fund such indebtedness. This suit was filed by V. S. Williams, as a representative taxpayer, questioning the validity of these proposed bonds. It is made manifest that the old debts, including that which was void as declared in the former opinion, had been paid out of the current income and warrants had been issued to the teachers and others for services and materials currently rendered and furnished.

After that opinion was delivered, thirty-six separate suits were simultaneously filed by the holders of the warrants against the school board. Upon its motion

the cases were consolidated. The correctness and validity of the warrants were admitted by answer. It was further pleaded in the answer that the warrants had been issued for properly budgeted expenditures and in anticipation of the annual revenue and had been necessary in order to operate and maintain the schools. The financial condition of the board was set forth in justification of the issuance of the warrants and to show their validity. Nevertheless, and without any defense being made, the answer prayed that the petition should be dismissed with costs. In that consolidated case the vice-chairman of the school board testified its outstanding debt was approximately $55,275.90, of which $39,300 was evidenced by bonds, leaving approximately $16,000 represented by the warrants sued on. Of that amount $7,000 was created during the school year 1936-1937. Is is to be observed that this is the amount of the obligation held void. The warrants were proved to have been within the revenue reasonably anticipated and the total indebtedness shown to be slightly less than the constitutional limit. In those suits the court adjudged the warrants to constitute a valid, subsisting debt and rendered judgment for the holders thereof accordingly. All of the records in those suits are made a part of this one by reference and were proved by the circuit clerk. The judgment here approves the proposed bond issue of $16,000. The case is before us with the request that we sanction the procedure and affirm the judgment.

Though no reference is made in this record to the former proceedings or appeals, it ought not to be expected that they will be ignored. The court does not function in a vacuum and the judges, as has been said, will not pretend to be more ignorant than men of average intelligence. We take cognizance of the other cases. We may also suppose the parties do not assume a failure on our part to appreciate the amiability of this new suit in which another friendly taxpayer mildly challenges the proposed issuance of the bonds. Such conditions require a closer scrutiny by the court in order that we may not be led into approving an invalid and illegal action. This is a burden which the court ought not to have to bear.

It is made manifest that the board of education has paid out of its current revenue a debt of $7,000 declared to be invalid and of $9,000 not adjudged to be valid, and then issued warrants for what seem to be proper cur-

rent operating expenses. The legislature in its efforts to regulate the financial operations of the subordinate governmental bodies and to keep them within constitutional and statutory bounds has provided that no bond or obligation shall be approved by the courts until and unless it shall be established by proof that the same was created within the prescribed limitations of indebtedness. Section 186c-7, Statutes. A part of that statute is as follows:

> "And if it shall appear in such suit or action that the county, city or municipality or taxing district, that the officials in office at the time of the creation of such indebtedness have not had due regard for the finances of the county, city, municipality or other taxing district, during the time in which said indebtedness was created, then the court shall not have the right and power to approve such bond issue."

The statute must be accorded obedience. It was given recognition in Fiscal Court of Lincoln County v. Lincoln County Board of Education, 273 Ky. 174, 115 S. W. (2d) 891, where we refused to approve a proposed bond issue under authority of the provision quoted. The only purpose of bringing this appeal was to obtain final approval of the bonds that they might be more readily sold. The court cannot do that without pretending blindness. To approve the manner in which the limitations of the constitution and statutes have been disregarded and, in part, evaded in the financial operations disclosed by the record here, would be to ignore the legislative purpose as expressed in the foregoing statute and thus stigmatize the court. We, therefore, decline to place our stamp of approval upon the bonds. For the reasons stated in Hancock v. Henderson County Board of Education, 272 Ky. 427, 114 S. W. (2d) 523, this must be held to be a final determination of the case.

The judgment is reversed with directions to adjudge the proposed issuance of bonds illegal.

Whole court sitting except Clay, J.