## Henderson v. Town of Mt. Vernon.

### Oct. 3, 1939.

J. S. Sandusky, Judge.

J. D. Henderson in pro per.

Joel M. Jones for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mt. Vernon, a city of the sixth class, is seeking approval of a plan to fund its floating indebtedness under Section 186c-6 of the Statutes. The suit was brought by the city against a representative taxpayer, the appellant herein, who demurred to the petition. Proof was taken by the city in accordance with the provisions of Section 186c-7 of the Statutes. A judgment was rendered in favor of the city. The appellant, J. D. Henderson, is appealing, but he has not favored us with a brief.

The record discloses that the indebtedness was created in the years 1936, 1937 and 1938 as follows:

| | Expenditures | Income | Deficit |
|---|---|---|---|
| 1936 | $10,034.98 | $5,288.06 | $ 4,746.92 |
| 1937 | 7,736.08 | 4,256.07 | 3,480.01 |
| 1938 | 7,254.26 | 4,809.08 | 2,445.18 |
| | | Total | $10,672.11 |

The record discloses further the purposes for which the city's funds were expended each year, as well as the persons and corporations to whom sums are owing. Suffice it to say that it appears that all of the expenditures were incurred for public purposes, a substantial part of which were permanent improvements. The record discloses also that the assessed valuation upon which the taxes for 1936 and 1937 were levied was approximately $450,000 and that the valuation upon which the 1938 taxes were levied was $460,635.

The tax rate for a city of the sixth class is 75 cents on each $100 of taxable property. Section 157 of the Constitution, Section 3704-3 of the Statutes. The record does not disclose, however, the rate of tax levied for the three years in question, nor the sources of the other items of the city's income. If the maximum tax rate was levied each year, then it is obvious that the indebtedness created is invalid, unless proof, which does not appear in the record, can be supplied showing that the indebtedness was created for necessary governmental purposes. See Ballard v. Adair County, 268 Ky. 347, 104 S. W. (2d) 1100; and Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961. Even under the interpretation given Section 157 of the Constitution in the case of City of Providence v. Providence Electric Light Company, 122 Ky. 237, 91 S. W. 664, 28 Ky. Law Rep. 1015, and followed in a long line of cases down to the recent case of Payne v. City of Covington, 276 Ky. 380, 123 S. W. (2d) 1045, 122 A. L. R. 321, in which the former opinions were overruled, it was necessary to show that a particular indebtedness, other than for a necessary governmental expense, together with the municipality's other indebtedness, did not exceed the revenue and income which the municipality provided, or might have provided for the year. See Randolph v. Shelby County, supra. In other words, even before our ruling in the case of Payne v. City of Covington, supra, it was necessary that the indebtedness be a valid one before it could be funded.

As heretofore indicated, the city of Mt. Vernon has failed to make out its case both from the point of view as to whether or not the indebtedness created for the years 1936, 1937 and 1938 is valid under our rulings prior to the recent Payne v. City of Covington case, supra, wherein all rights created before that opinion became final were expressly preserved, and also as to

whether any of the indebtedness was incurred for necessary governmental purposes. While a somewhat different situation was before us in the case of Ebert v. Board of Education of School District of City of Newport, 277 Ky. 633, 126 S. W. (2d) 1111, wherein an opportunity for the taking of additional proof was given, we believe that conditions and circumstances in the case before us are such that the interests of all parties concerned will be better served if an opportunity is given the city for the taking of further proof, especially since there is some indication that counsel for the city is confused as to the proper interpretation to be placed upon the recent case of Payne v. City of Covington, supra.

Wherefore, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.