## Louisville & N. R. Co. v. City of Jackson et al.

Feb. 6, 1940.

C. S. Landrum and H. T. Lively for appellant.

Grannis Bach and J. P. Haney for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an appeal from a judgment dismissing the petition of the Louisville & Nashville Railroad Company, appellant and plaintiff below, after demurrers had been sustained thereto, in an action to enjoin the issuance of bonds in the amount of approximately $60,000 by the City of Jackson, one of the appellees and a defendant below, under an election held October 4, 1938. The City, the members of its Board of Council, the mayor, the treasurer, the clerk, the First National Bank of Jackson (the principal creditor of the City), and others were made parties defendant. Demurrers were filed by the City and its officers and by the Bank. One of the other defendants filed an answer and cross petition and another an answer, but we are concerned only with the demurrers at this time. The Bank's demurrer was sustained to the petition and an amended petition was filed. The demurrers of the City and its officers and the Bank were sustained to the petition as amended, and the appellant declining to plead further its petition was dismissed.

The grounds urged for reversal follow the principal allegations of the appellant, namely: The election was void; the indebtedness exceeds the constitutional limitation; the officials in office did not have due regard for the finances of the city; and the debts proposed to be refunded are invalid, aside from certain water works bonds. It is the contention of the Bank, the only appellee for whom a brief is filed, that the appellant, having made no demand on the city to recover any sums alleged to have been paid out illegally, can not bring this action. Counsel for the Bank states that the lower court sustained the demurrers on this ground.

Having reached the conclusion that the conditions and circumstances presented in this case are such that the appellant was warranted in bringing the action with-

out first making demand on the city, especially since the city and its principal officials and also its creditors were made parties defendant, we deem it unnecessary to discuss other phases of the case. Ex parte Marshall Fiscal Court et al., 264 Ky. 550, 95 S. W. (2d) 33. Here we have a situation where the Board of Council adopted an ordinance calling for an election on the question of issuing bonds in excess of $60,000 to refund outstanding debts, some of which are illegal according to the appellant's allegations. It can be seen that the appellant was seeking to enjoin the city and its officials from doing what it alleged to be an illegal act. The demurrers admitted appellant's allegations. Clearly a demand on the city would have been of no avail. See Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606, and cases cited therein, and also Ward v. Roberts, 281 Ky. 418, 136 S. W. (2d) 549.

Under Section 186c-7 of the Statutes, it is the duty of the city to allege and prove that its indebtedness which the bonds are intended to cover is within the constitutional limitation, and also to set forth all items of its indebtedness. Henderson v. Town of Mt. Vernon, 279 Ky. 829, 132 S. W. (2d) 322.

Wherefore, the judgment is reversed with directions to set it aside and to overrule the demurrers to the petition as amended and for further proceedings not inconsistent with this opinion.