Robert Beall Leavenworth City Attorney 117 Cherokee P.O. Box 69 Leavenworth, Kansas 66048
Dear Mr. Beall:
On behalf of the board of directors of the Leavenworth public library, you request our opinion concerning the applicability of the cash basis and budget laws (K.S.A. 10-1102 and 79-2925) to the fiscal policies of the library board.
K.S.A. 10-1102 provides that all municipalities are required to pay their indebtedness as provided in the act. K.S.A. 10-1103 prohibits any governing body of a municipality from creating any indebtedness in excess of the amount of funds actually on hand in the treasury at the time for such purpose. K.S.A. 10-1101(a) defines "municipality" as follows:
 "`Municipality' shall be construed and held to mean county, township, city, municipal university, school district, community junior college, drainage district, and any other similar political subdivision or taxing district of the state."
With certain enumerated exceptions not applicable here, the budget law applies to all "taxing subdivisions or municipalities of the state". Although "municipality" is not defined in the budget law, this office has used the definition in K.S.A. 10-1101(a) because both laws were enacted at the same time and have a common purpose. State ex rel. v. RepublicCounty Commissioners, 148 Kan. 376 (1938); Attorney General Opinion No. 82-220. Therefore, resolution of your inquiry turns upon the question of whether the Leavenworth public library is a "municipality".
This office has consistently found that, due to the above quoted statutory definition, the cash basis law applies only to taxing subdivisions or districts. Attorney General Opinions No. 79-126, 77-352, 84-34. These opinions are supported by State, ex rel., v. Board ofEducation, 137 Kan. 451 (1933) wherein the court concluded that the cash basis law pertains to the indebtedness of subdivisions of the state authorized by law to raise money by taxation which monies are used to perform their respective governmental functions.
The Leavenworth public library is organized pursuant to K.S.A. 12-1219
which provides that a municipality may establish and maintain a library upon the concurrence of the voters at an election. K.S.A. 12-1220
provides that the municipality is authorized to levy a tax for the maintenance of the library in a sum fixed by the library board of directors. Since the library board does not have the power to raise money by taxation, it is the opinion of this office that it is not a "municipality" under either the cash basis or the budget laws.
It is interesting to note that the budget law, in its genesis in 1933, included "library boards". In Fort Scott Board of Library Directors v.Drake, 147 Kan. 157 (1938), the city library board which was organized under G.S. 1935 12-1202 et seq., the predecessor to K.S.A. 12-1219 etseq.), argued that it had become a "taxing subdivision" and had the power to levy taxes by virtue of its inclusion in the budget law. The court rejected this argument and concluded that the library's status was not changed by virtue of the passing of the budget law and since the library had never been authorized to levy taxes, it was not a taxing subdivision of the state. In 1941 the reference to "library boards" in K.S.A. 79-2925
was deleted which evinces a legislative intent to exclude such library boards in application of the budget law. Consequently, it is the opinion of this office that the board of directors of a city public library established pursuant to K.S.A. 12-1219 et seq. is not subject to the cash basis or budget laws.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm