Duane Johnson State Librarian Kansas State Library Capitol Building, 3rd Floor Topeka, Kansas 66612-1593
Dear Mr. Johnson:
You request our opinion regarding 1999 Senate Bill No. 45 and the effect of its provisions on the authority of various libraries and library systems to determine the amount of revenue to be raised through property tax levies for the purpose of maintaining those libraries and the services they provide. You reference two prior Attorney General Opinions, No. 86-36 and 82-193, which concluded that municipalities levying on behalf of libraries created under K.S.A. 12-1218 et seq. have no authority to alter the levy amount determined by the library to be necessary for its operation.[1] You question whether the provisions of 1999 Senate Bill No. 45 alter the conclusion reached in these opinions, thus allowing municipalities to override the library's determination of the amount to be levied by the municipality for library purposes.
Attorney General Opinions No. 86-36 and 82-193 rely on the language of K.S.A. 12-1220 which states:
 "If a majority of the votes cast at [an] election [to establish and maintain a library] shall be in the affirmative, the governing body shall forthwith establish such library and is hereby authorized to and shall annually levy a tax for the maintenance of such library in such sum as the library board shall determine within the limitations fixed by law and to pay a portion of the principal and interest on bonds issued under the authority of K.S.A. 12-1774, and amendments thereto, by cities located in the county. . . ." (Emphasis added.)
This language has not been amended since issuance of the Opinions, nor have any other pertinent provisions of K.S.A. 12-1218 et seq. been since amended.
1999 Senate Bill No. 45 comprises the Tax Reform and Relief Act of 1999. The first ten Sections of the Bill, as well as Sections 73 through 77, contain amendments and additions to the Kansas Retailers' Sales Tax Act, the Kansas Income Tax Act, and various property tax statutes. Sections 11 through 19 create the Kansas Postsecondary Education Savings Program, and Section 20 amends the Kansas Income Tax Act in light of the Program. For purposes of this opinion, the relevant provisions of the Bill are found in New Section 21 through Section 72 and Section 78.
Section 21 prohibits any taxing subdivision (other than community colleges and unified school districts) from approving any appropriation or budget "which provides for funding [from property tax] revenue in an amount exceeding that of the next preceding year," with certain stated exceptions, unless the taxing subdivision adopts an ordinance or resolution allowing such an increase. Section 22 specifically authorizes cities to levy taxes for city purposes. Section 23 does the same for counties. Sections 24, 25 and 78 amend and/or repeal the provisions in K.S.A. 79-1945 et seq. to remove the mill levy limitations previously placed on cities, counties and townships by those statutes. Sections 26 through 71 amend numerous other statutes, primarily to remove references to the mill levy limitations of K.S.A. 79-1945 et seq. Section 72 suspends "all existing statutory fund mill levy rate and aggregate levy rate limitations on taxing subdivisions" in 1999 and every year thereafter. Notably absent from the Bill is any amendment to K.S.A. 79-5038, the statute which sunsets the provisions of the current aggregate tax levy limitations found in K.S.A. 79-5021 through 79-5036. Thus, K.S.A. 79-5021 through 79-5036 are set to expire on July 1, 1999.
None of the Bill's provisions appear to affect the authority of libraries operating under K.S.A. 12-1218 et seq. to determine the amount of revenue to be generated by property tax levy for library purposes. However, K.S.A. 12-1220 restricts the library's authority to any "limitations fixed by law." While Section 72 suspends all existing statutory fund mill and aggregate levy rate limitations on taxing subdivisions, it does not attempt to suspend any other limitations having the force and effect of law. Thus, any valid city ordinances or county resolutions, or any charter resolutions adopted pursuant to K.S.A. 79-5036, that limit the levy rates of these libraries are not affected by the Bill. Absent more specific information regarding a particular city ordinance or county resolution, we are unable to determine the validity of such. (We note that Attorney General Opinions No. 86-36 and 82-193 imply that the only limits relevant to libraries are those contained in the statutes. However, it does not appear the issue of whether limits could be legislated by other entities — as opposed to the municipality administratively changing the levy amount in its budgeting process — was addressed. Of course any such legislation would have to be within the legislating entity's home rule authority to be valid. We do not here determine whether cities or counties have such authority.)
You also inquire whether Section 21 of the Bill encompasses the governing body of any library or library system. As stated previously, Section 21 prohibits any "taxing subdivision" (other than community colleges and unified school districts) from approving any appropriation or budget "which provides for funding with [property tax] revenue in an amount exceeding that of the next preceding year," with certain stated exceptions, unless the taxing subdivision adopts an ordinance or resolution allowing such an increase. The term "taxing subdivision" is not defined for purposes of this provision. K.S.A. 79-5021 defines the term for purposes of the aggregate tax levy limitation established by K.S.A. 79-5022 (set to expire July 1, 1999) as "every taxing district in the state of Kansas other than the state." Attorney General Opinion No. 87-167 analyzed this definition in terms of libraries as follows:
 "Kansas statutes do not define the term "taxing district" though case law in other jurisdictions indicates that any entity which can mandatorily require another entity to make a levy to benefit the people and property within its territory is a taxing district. See Ebert v. Board of Education of School Dist. of City of Newport, 126 S.W.2d 1111, 1113
(Ky. 1939); Lee v. Board of Education of Bell County, 87 S.W.2d 961, 962, 963 (Ky. 1935); Archer v. City of Indianapolis, 122 N.E.2d 607, 610 (Ind. 1954). We therefore conclude that a public library which can mandatorily require a city, county or township to levy a tax for library purposes is a taxing district and thus a taxing subdivision for purposes of K.S.A. 1986 Supp. 79-5022. (In support of this conclusion is the fact that the definition of the term "taxing subdivision" in K.S.A. 1986 Supp. 79-5021 is much broader than the definition given that term in prior tax lid statutes. See L. 1970, ch. 402, § 1; K.S.A. 79-5001.)"
Other Kansas statutes define the term "taxing subdivision" differently than K.S.A. 79-5021. K.S.A. 12-16,102 defines it as "any city, county, township, community college district or other political subdivision of the state of Kansas having authority tolevy taxes on taxable tangible property. . . ." (Emphasis added.) K.S.A. 1998 Supp. 12-1775 similarly includes only those entities that levy property taxes.[2] Libraries created pursuant to K.S.A. 12-1215 et seq., 12-1260 et seq. and 75-2551 et seq. have authority to levy taxes; those created under K.S.A. 12-1218 do not have authority to levy property taxes directly, but instead rely on other municipalities to do so on their behalf.
Without the benefit of a definition, we must attempt to determine legislative intent. Well-established statutory construction rules dictate that legislative intent may be determined from the choice of language adopted, circumstances surrounding enactment of legislation, and the goal to be achieved by passage of the legislation.[3] Section 21 was originally introduced as Section 1 of 1999 Senate Bill No. 226. There is nothing in the various versions of SB 226 or in the supplemental notes on the Bill to indicate the term "taxing subdivision" was meant in its narrower sense of only those entities with levying authority. Because this Bill was intended as the replacement for the expiring provisions of K.S.A. 79-5021 et seq., and because the term was not otherwise defined, we believe the Legislature intended the term "taxing subdivision" to have the meaning ascribed to the term in K.S.A. 79-5021. Thus, libraries should be considered taxing subdivisions for purposes of Section 21 of 1999 Senate Bill No. 45 and are generally required to adopt a resolution before approving any appropriation or budget to be funded by property taxes in excess of the amount levied in the preceding year for that purpose.
In conclusion, 1999 Senate Bill No. 45 does not alter the ability of libraries created under K.S.A. 12-1218 et seq. to determine the amount of property taxes to be levied for library purposes, subject to any "limitations fixed by law," nor does it alter the authority of certain libraries to levy on their own behalf. While all statutory limitations are suspended by Section 72 of the Bill, any other limits properly established by local legislative bodies are not. Libraries having the power to levy directly or to require another taxing body to levy on its behalf is a "taxing subdivision" for purposes of Section 21 of the Bill, requiring adoption of a resolution prior to approving any appropriation or budget "which provides for funding with [property tax] revenue in an amount exceeding that of the next preceding year," with certain stated exceptions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] See also Attorney General Opinion No. 89-50.
[2] See also Board of Directors of Fort Scott Public Libraryv. Drake, 147 Kan. 157 (1938); Attorney General Opinion No. 93-45.
[3] In re Tax Appeal of Alsop Sand Co., Inc., 265 Kan. 510
(1998); Phelps v. Hamilton, 59 F.3d 1058, on remand 934 F. Supp. 373, aff'd 113 F.3d 1246 (1995); State v. Martinez, 255 Kan. 464
(1994);Natural Gas Pipeline Co. of America v. State Commission ofRevenue and Taxation, 163 Kan. 458 (1947).